UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLI S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C25-1745-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred by (1) failing to include in the residual functional capacity (RFC) finding any limitations resulting from plaintiff's migraines, and (2) misevaluating the medical opinions of Elliott Rotman, Ph.D., and Nicholas Zendler, D.O.; she seeks remand for an immediate award of benefits or, in the alternative, for further administrative proceedings. Dkt. 10. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 47 years old and was 42 years old on the alleged onset date, she has at least a high school education, and she has worked as an office clerk. Tr. 30. She applied for

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

benefits in October 2021, alleging disability as of January 1, 2021. Tr. 247, 254. After her applications were denied initially and on reconsideration, the ALJ conducted a hearing and, on August 9, 2024, issued a decision finding plaintiff not disabled. Tr. 20-32. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset date; she has the severe impairments of epilepsy and migraines; and these impairments do not meet or equal the requirements of a listed impairment. Tr. 22-25. The ALJ found plaintiff has RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: she can never climb ladders, ropes, or scaffolds; she must avoid even moderate exposure to hazards; and she is limited to simple tasks. Tr. 25. The ALJ found plaintiff cannot perform her past work but, as there are jobs that exist in significant numbers in the national economy plaintiff can perform, she is not disabled. Tr. 30-32.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is unsupported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of harmless error. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

### A.    RFC Finding

Plaintiff argues substantial evidence does not support the ALJ's RFC finding because it does not include any limitations resulting from plaintiff's migraine headaches, despite the ALJ's finding migraines to be a severe impairment. Dkt. 10 at 3-4. Plaintiff notes the RFC finding includes seizure precautions and a limitation to simple tasks, but it does not provide for absences, attendance limitations, or a need for additional breaks. *Id.*

The record shows plaintiff reported in June 2022 that in the last 30 days she had at least 22 severe headache episodes with headaches lasting hours to multiple days. Tr. 1539. Headache clinic and neurology providers noted plaintiff had been experiencing more than 15 headache days per month with more than 8 of those meeting the criteria for migraines, including moderate to severe pain, intolerant of activity, and either photophobia or phonophobia with nausea/vomiting; she had tried and failed at least three anti-migraine medications and abortive medications; and her headaches/migraines were poorly controlled with medications. Tr. 1545, 1548. Upon starting treatment with Botox, plaintiff experienced a 50% improvement in headache symptoms to approximately 8 headache days per month. Tr. 1624.

The ALJ found plaintiff's testimony was inconsistent with these treatment notes, noting that plaintiff testified she had 15 headache days per month after beginning Botox treatment whereas the treatment notes reflect that she had 8 headache days per month after beginning treatment. Tr. 27. However, despite acknowledging this evidence that plaintiff continued to experience frequent headaches, albeit not as frequent as she testified, the ALJ did not address the impact of plaintiff's headaches on her ability to sustain work or explain why no limitations were

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

required despite finding her headaches to be a severe impairment. A RFC capacity assessment that fails to take into account all of a claimant's limitations is defective. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The vocational expert testified a person who is absent from work two or more days per month, or who unexpectedly misses more than an hour of work two or more times in a month, or who is off task more than 15 percent of the time would not be able to sustain employment. Tr. 58-60. The ALJ erred by failing to address the impact of plaintiff's headaches on her ability to sustain work.

**B.    Medical Opinions**

Plaintiff argues the ALJ misevaluated the opinions of Dr. Rotman and Dr. Zendler. Dkt. 10 at 9-10. When considering medical opinions, the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in the decision how the ALJ considered the factors of supportability and consistency. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ is not required to explain how she considered the other factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). An ALJ cannot reject a medical opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*1.    Dr. Rotman*

Consulting psychologist Elliott Rotman, Ph.D., opined in June 2023 that plaintiff was moderately limited in the ability to understand and remember detailed instructions, specifying

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

that she had no limitations in understanding but she may not reliably remember tasks of more than three steps; she was moderately limited in the ability to carry out detailed instructions and to maintain attention and concentration for extended periods; she was moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, specifying that she appeared able to sustain concentration, persistence, and pace for two to three step tasks with little variation in the tasks; and she was moderately limited in the ability to respond appropriately to changes in the work setting, specifying that she can process and handle limited change. Tr. 105-08.

The ALJ found Dr. Rotman's opinion was supported by a thorough review of the record, his pointing to evidence of record to substantiate the opinion, and his medical expertise and familiarity with the Social Security regulations, and it was consistent with the medical evidence that included only normal mental status examinations. Tr. 30. The ALJ thus included a limitation to "simple tasks" in the RFC finding, which the ALJ found encompassed this opinion and fully accounted for plaintiff's allegations of difficulty focusing and concentrating on tasks. *Id.*

Plaintiff argues the ALJ erred by failing to explain the degree of persuasiveness she assigned this opinion. Dkt. 10 at 9. The Commissioner responds that reading the ALJ's assessment of the opinion as a whole shows the ALJ found the opinion persuasive even if she did not explicitly state so. Dkt. 14 at 4. An error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination, *Molina*, 674 F.3d at 1122, or if, despite the error, the agency's path may reasonably be discerned, *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). The latter scenario applies here: the ALJ evaluated the supportability and consistency of the opinion, finding it to be both supported and consistent, and stated she was

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

incorporating the limitations Dr. Rotman opined in the RFC finding. This is sufficient to discern the ALJ found the opinion persuasive, rendering harmless any error in the ALJ's failure to explicitly state the degree of persuasiveness she assessed.

Petitioner further argues the ALJ erred by failing to include in the RFC finding a limitation addressing Dr. Rotman's opinion plaintiff can process and handle limited change. Dkt. 10 at 10. The Commissioner asserts plaintiff cannot show harm in this omission because the jobs the vocational expert identified do not require the ability to process change. Dkt. 14 at 5. The Commissioner supports this assertion by providing the DOT descriptions of the jobs in question (garment sorter, basket filler, and maid/cleaner) and asserting these jobs do not require the worker to process and handle changing situations. *Id.* However, the job descriptions do not address the need to deal with change, and neither did the VE's testimony. The Commissioner asks the Court to find, in the first instance, these jobs do not require handling or processing more than limited change. But the ALJ is responsible for making findings of fact, not this Court. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's finding a limitation to simple tasks encompassed Dr. Rotman's opinion is not supported by substantial evidence because it fails to account for his opinion that plaintiff can process and handle limited change without giving a reason for rejecting it. The Court finds that this error was harmful error and that on remand, the ALJ must evaluate the impact of this limitation on plaintiff's RFC.

    *2.    Dr. Zendler*

Treating neurologist Nicholas Zendler, D.O., opined in April 2023 that due to her seizures, plaintiff could not perform any activities above ground level and had possible restrictions on heavy machinery use. Tr. 1591. He further opined due to the unpredictability of breakthrough seizures and the need to recover from and manage them, plaintiff would be

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

expected to miss work more than twice a month, would require additional breaks beyond what is customary, and would require accommodations such as flexible scheduling in order to sustain employment. *Id.* He opined plaintiff would be unable to sustain employment because she has "intractable epilepsy with disabling seizures preventing her from driving and potential employment." *Id.*

In June 2024, Dr. Zendler opined similar limitations, including no activities above ground level and no operating heavy machinery, and plaintiff would be expected to miss work more than twice a month due to a history of difficult to control seizures and requiring time off after a seizure to recover. Tr. 1691. He opined plaintiff would be unable to sustain employment because of "difficult to control seizures causing memory impairment, cognitive slowing. May have seizure in work environment that could lead to a workplace injury." *Id.* Dr. Zendler also completed a mental residual functional capacity form in which he opined that plaintiff had numerous moderate, marked, and severe limitations in areas of mental functioning. Tr. 1693-94. And Dr. Zendler wrote a letter stating plaintiff has "very difficult to treat seizures which would be considered severe in nature," describing her grand mal seizures as lasting 1 to 2 minutes at a time followed by a post-ictal state of two to six hours and occurring every three months despite compliance with her antiseizure medications. Tr. 1698. He described the side effects of her medications, including nausea, disequilibrium, and double vision, as well as cognitive impairment due to both her seizures and the medication side effects. *Id.* He believed her seizure frequency would impair her ability to regularly attend work and could result in bodily injuries in the workplace and as a result plaintiff was unable to sustain full-time employment. *Id.*

The ALJ found these opinions partially persuasive. Tr. 29. The ALJ found the limitations regarding heights and hazards to be persuasive based on plaintiff's longstanding epilepsy

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

diagnosis. *Id.* The ALJ found the other limitations unpersuasive given the medical evidence showed plaintiff's migraines and seizures improved with treatment, are infrequent, and are not as severe as to cause such extreme restrictions or to be disabling. Tr. 29. The ALJ found Dr. Zendler's June 2024 letter (which the ALJ identified as being dated June 2022) was conclusory and the limitations Dr. Zendler opined were not supported by the treatment notes, which the ALJ found did not support that plaintiff's seizures were intractable but instead showed that they were not intractable, and their frequency and severity improved with treatment. *Id.* And the ALJ found the letter used vague terms such as "impair" and "at risk" and statements that plaintiff is unable to sustain full-time employment are an issue reserved for the Commissioner. *Id.*

Plaintiff argues the fact her impairments improved with treatment does not establish they improved so much she could sustain work, the ALJ's focus on "extreme" restrictions fails to account for the VE's testimony about the amount of missed work an employer would tolerate, and the ALJ finding her seizures were infrequent failed to account for the different types of seizures she experiences and is unsupported by treatment notes that document more frequent seizures. Dkt. 10 at 12. Plaintiff also asserts the ALJ's finding Dr. Zendler failed to provide a narrative explanation for his opinion is unsupported when the full text of Dr. Zendler's letter is considered; she suggests this error was based on the ALJ's misstatement the letter was dated two years before he completed the forms. Dkt. 10 at 13. And she argues in finding her seizures to be infrequent and not intractable, the ALJ erroneously failed to consider the different types of seizures plaintiff experiences and failed to consider numerous treatment notes documenting more frequent seizures. Dkt. 14 at 14-15.

The ALJ's finding Dr. Zendler failed to provide a narrative explanation is unsupported by the full text of Dr. Zendler's June 2024 letter. The letter contains a narrative discussion of the

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8

course of plaintiff's treatment for medication resistant grand mal seizures, describes her tonic-clonic seizures as lasting for one to two minutes followed by a post-ictal period of two to six hours, lists her current medications and describes the side effects of those medications and the seizures themselves, including nausea, disequilibrium, double vision, and cognitive impairment, states that she has breakthrough seizures every three months despite medication compliance, and notes the risk of having seizures in the workplace. Tr. 1698. The ALJ's finding Dr. Zendler's letter offered "no real restrictions" is contradicted by the specific limitations Dr. Zendler opined in the forms he completed; the letter provides narrative support for those restrictions. The ALJ's finding that Dr. Zendler's opinion contains no narrative support may be due to the ALJ's misstatement that the letter is dated two years before he completed the forms. In any event, the ALJ's finding that the opinion lacked narrative support is unsupported by the evidence.

The ALJ's finding Dr. Zendler's opinion is unsupported by the treatment notes is also not supported by substantial evidence. To support this finding, the ALJ cites generally to hundreds of pages of medical records, many of which document treatment for conditions other than seizures. Tr. 29 (Citing Tr. 373-570, 571-686, 687-1274, 1275-1481, 1593-1613, 1620-45, 1646-87). Referring to such broad swaths of the record without specificity fails to provide support for this finding. The ALJ cites to only two specific treatment notes, both records of telehealth visits, one from August 2022 and the other from February 2023, where Dr. Zendler reprints the notes "From our last office visit" including a note that the frequency of her generalized tonic-clonic seizures is "Rare her last seizure was over a year to half ago [sic]." Tr. 29 (Citing Tr. 1495, 1550). These two notes, which simply repeat an observation from a different treatment note, do not constitute substantial evidence sufficient to support rejecting Dr. Zendler's opinion.

The ALJ also erred in finding the treatment notes do not support Dr. Zendler's opinion that plaintiff's seizures are intractable but instead support a finding that her seizures are not intractable. An ALJ may not substitute her own interpretation of the medical evidence for the opinion of a medical professional. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999). That is precisely what the ALJ did here, interpreting the treatment notes to support a conclusion that is the direct opposite of the medical professional's opinion. The ALJ failed to cite to any evidence or even attempt to explain her contrary interpretation of the medical evidence. This was not a valid reason to reject the opinion.

The ALJ also erred in finding Dr. Zendler's statement about the duration of plaintiff's seizures does not support Dr. Zendler's opined limitations. The ALJ notes Dr. Zendler's statement that plaintiff's tonic-clonic seizures last only 2 to 3 minutes. But the ALJ fails to address the remainder of Dr. Zendler's statement, that her post-ictal state lasts two to six hours. This omission leaves the ALJ's assessment of this statement unsupported by the evidence.

The Court notes the ALJ properly found Dr. Zendler's opinion that plaintiff's seizures leave her unable to sustain full-time employment is an opinion on an issue reserved to the Commissioner. As such, this statement is inherently neither valuable nor persuasive and the ALJ need not address such a statement. *See* 20 C.F.R. § 404.1520b(c)(3).20 C.F.R. § 404.1520b(c)(3). Although the ALJ was not required to address these comments, their inclusion in the opinion is not a valid reason to reject the opinion as a whole.

In sum, the ALJ failed to give valid reasons, supported by substantial evidence, for rejecting Dr. Zendler's opinion.

**C.    Scope of remand**

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 10

Plaintiff asks the Court to remand for an award benefits. Dkt. 10 at 18. When a district court reverses an ALJ decision, it has discretion to either remand the case for further administrative proceedings or for an award of benefits. 42 U.S.C. § 405(g); *Harman v. Apfel*, 211 F.3d 1172, 1177-78 (9th Cir. 2000). The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule, and may instead remand for further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

The court finds that not all the conditions are met, and that further administrative proceedings would be useful in order to allow the ALJ to reevaluate the effect of plaintiff's migraines on her ability to work and to reconsider the improperly rejected medical opinions. Accordingly, the court finds that remand for further administrative proceedings is the proper remedy.

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall evaluate the impact of plaintiff's migraines on her ability to work and shall reevaluate the opinions of Dr. Rotman and Dr. Zendler. The ALJ shall further develop the record, redetermine RFC, and redo the five-step disability evaluation process as the ALJ deems necessary and appropriate to make a new decision.

DATED this 7th day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 12